520 So.2d 848 (1987)
Arthur C. ESTEVE, Plaintiff-Appellant,
v.
IBERIA PARISH HOSPITAL, Defendant-Appellee.
No. 86-1072.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
Writ Denied December 18, 1987.
Broussard & Broussard, Marcus A. Broussard, Jr., Abbeville, Lester J. Gauthier, Jr., Lafayette, for plaintiff-appellant.
Watson, Blanche, Wilson & Posner, Todd A. Rossi, Baton Rouge, for defendant-appellee.
Before KNOLL and KING, JJ., and CULPEPPER, J. Pro Tem.[*]
KING, Judge.
The issue presented by this appeal is whether an amending petition which urges a wrongful death claim, which was filed more than one year after the death, could relate back to a timely filed original petition so as to defeat a plea of prescription.
Arthur C. Esteve (hereinafter plaintiff) and his wife filed a medical malpractice claim under the provisions of LSA-R.S. 40:1299.39, et seq., alleging that plaintiff's wife had sustained serious injuries during her treatment which began on February 1, 1979 at the Iberia Parish Hospital (hereinafter defendant). The medical malpractice claim was filed on January 3, 1980 and a decision was rendered by the Medical Review Panel on April 5, 1984. Plaintiff's wife died on March 2, 1982 during the *849 pendency of the medical review proceeding. Plaintiff timely filed a suit on May 2, 1984 against defendant for damages and losses resulting from the injury and subsequent death of his wife, Anna Belle Latiolais Esteve. On March 14, 1986, plaintiff amended his original petition, to make a claim for his damages for the wrongful death of his wife. Defendant filed an exception of prescription to the amended petition, making a claim for wrongful death, filed on March 26, 1986. The exception of prescription was granted after a hearing before the trial court on May 29, 1986 and plaintiff's wrongful death claim was ordered dismissed. Neither written nor oral reasons for judgment were made for the record by the trial court.
Plaintiff appeals asserting that the trial court erred in failing to consider that:
(1) The original petition made a claim for wrongful death and the supplemental petition merely clarified and re-urged the claim, and
(2) The supplemental petition relates back to the time of the filing of an original petition which was timely filed.
We reverse the decision of the trial court and order the case remanded for further proceedings consistent with this opinion.

LAW
La. C.C.P. Art. 1153 provides:
"When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."
It is well established that Art. 1153 permits amendment despite technical prescriptive bars where the original pleading gives fair notice of the fact situation out of which the amended claim arises. Where the pleadings reveal some factual connexity between the original and amended assertions, and they contain sufficient allegations to afford fair notice to the adverse party of the relief to be sought, amendment should be allowed. Baker v. Payne and Keller of La., Inc., 390 So.2d 1272 (La.1980); Chenier v. Vanguard Party Sales, Inc., 430 So.2d 367 (La.App. 3 Cir. 1983).
In this case, plaintiff's original petition was captioned "Tort Action" and stated a claim for damages as follows:
"That as a result of said injuries suffered by Anna Belle Latiolais Esteve while under the care and control of the Defendant, she suffered irreversible home, requiring 24 hour per day care, and ultimately died, for which Plaintiff and his said wife sustained damages and losses in the amount of SIX HUNDRED FIFTY THOUSAND AND NO/100 ($650,000.00) DOLLARS, all of which will be shown at the trial hereof." (Emphasis added.)
Plaintiff's supplemental petition reiterated the fact that plaintiff's wife had died and re-stated plaintiff's claim for her wrongful death as follows:
"That since the filing of the original petition herein, Anna Belle Latiolais has died as a result of the actions and negligence of the Defendant and that he herewith makes a claim for wrongful death for all losses and damages to which he is entitled under Louisiana law."
Liberal rules of pleading prevail in Louisiana, and each pleading should be so construed as to do substantial justice. La. C.C.P. Art. 865; Haskins v. Clary, 346 So.2d 193 (La.1977); Clingan v. Doughty, 491 So.2d 469 (La.App. 3 Cir.1986). A reliance upon the importance of notice rather than procedural technicalities has enabled Louisiana courts to give Article 1153 a liberal interpretation. Bertrand v. St. Paul Fire & Marine Ins. Co., 491 So.2d 474 (La.App. 3 Cir.1986), writ den., 494 So.2d 541 (La.1986).
The issue in this case is whether the claim asserted in the amended petition related back to the date the original petition was filed thereby saving the wrongful death claim from prescription.
A liberal interpretation of Article 1153 is encouraged by two familiar rules of construction. The first is La. C.C.P. Art. 5051, *850 which states that the articles of the Code of Civil Procedure are to be construed liberally. The second is that prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished by it. Bertrand, supra, at page 478, citing Odessa House v. Goss, 453 So.2d 299 (La.App. 3 Cir.1984).
Plaintiff relies on Girior v. South La. Medical Center, Etc., 475 So.2d 1040 (La. 1985), and Booty v. Kentwood Manor Nursing Home, 483 So.2d 634 (La.App. 1 Cir.1985), writ den., 486 So.2d 754 (La. 1986), in support of his argument that the amendment should relate back to the date that the petition was filed. In Giroir, the court held that an amended petition which added children as new plaintiffs in wrongful death and survival actions, based on the death of their mother, filed after prescription had run, related back to the filing of their father's original petition. The court in Booty allowed an amendment of the pleadings to assert a wrongful death claim, although the original petition mentioned only a survival claim, where evidence supporting the claim was submitted at trial without objection from defendants.
Although these two cases can be distinguished from the present case, we believe that the trend of our jurisprudence is towards allowing an amending petition to interrupt prescription where it factually relates to the conduct, transaction or occurrence originally "noticed" to defendant in the initial pleadings. Gunter v. Plauche, 439 So.2d 437 (La.1983). In Gunter, the Supreme Court held that where the amendment was between the same parties but stated a different cause of action from the one asserted in the original pleading, Article 1153 permitted the amendment to relate back, despite prescriptive bars, because the original pleading gave fair notice of the general fact situation from which the amended claim arose.
In Bertrand, supra, this court was presented with the issue of whether an amending petition, which for the first time urged a malpractice claim and was filed after the prescription date, could relate back to a timely filed injunction proceeding between the same parties seeking preservation of the evidence, and thus save the claim from prescription. Although the case dealt with separate demands, rather than different causes of action, the court applied the Gunter rationale and determined that the amending petition related back to defeat the prescriptive bars.
As Judge Stoker noted in his concurring opinion:
"It appears to me that Gunter abandons fact pleading as required by LSA-C.C.P. art. 891 in favor of notice pleading. This is so, at least where LSA-C.C.P. art. 1153 is brought into play through amendment of an original pleading and the principle of relation back.
Under Gunter, if the original pleading sets forth facts that identify the `conduct, transaction or occurrence,' later amendment of that pleading may assert any demand based on that conduct, transaction or occurrence. There need only be `some factual connexity between the original and amended assertions....' Gunter v. Plauche, 439 So.2d at 440.
The majority discussion of the present cases of Estella Bertrand, which we save from prescription, illustrates just how strained that connexity can be. The fair notice to be found in an original petition need only give a bare bones notice. LSA-C.C.P. art. 1153 provides:
Art. 1153. Amendment relates back
`When the action of defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.'
If the original pleading is brought against the same parties listed in the amendment, then just about any demand or cause of action may be engrafted on that original pleading." Bertrand, supra, at page 482.
For these reasons, we hold that the amending petition set forth a claim arising out of the same factual situation set forth in the original petition so as to relate back to the date of the filing of the original *851 petition. Defendants were put on notice that plaintiff was seeking recovery for his own damages, in addition to his wife's, by the broad language contained in the original petition. The essence of interruption of prescription by suit is notice and, applying the liberal rules of construction as to pleadings, we conclude under these facts that defendant had sufficient notice of plaintiff's claim to effect an interruption of prescription.
For the foregoing reasons, the judgment of the trial court sustaining the defendant's exception of prescription and dismissing plaintiff's suit is reversed and set aside. The case is remanded to the district court for further proceedings consistent with the views expressed herein. All costs of this appeal are taxed to defendant-appellee.
REVERSED AND REMANDED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.