632 So.2d 793 (1993)
Milton SCOTT, et al.
v.
Dr. Henry M. HALEY, Jr., et al.
No. 93 CA 0557.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
Rehearing Denied February 23, 1994.
*794 Alan Dean Weinberger, New Orleans, for plaintiff-appellant Milton Scott, et al.
Daniel A. Reed, Baton Rouge, for defendant-appellee Dr. Henry M. Haley, Jr. and Eye Care & Surgery Center.
Before LOTTINGER, C.J., and FOIL and GONZALES, JJ.
LOTTINGER, Chief Judge.
This medical malpractice case presents two prescription issues. The first is whether an amending petition asserting a wrongful death claim, filed more than a year after the decedent's death, can relate back to a timely filed original petition which asserts a survival action. The second, is whether a complaint filed with the Medical Malpractice Review Panel suspends prescription on a wrongful death claim which was not set forth in the complaint but which arises out of the alleged negligence.

FACTS
On September 20, 1990, Mr. W. Bennett Scott, Sr. entered the Eye Care Surgery Center of Baton Rouge where Dr. Henry Haley, Jr., M.D. was to perform surgery on his left eye. Within one year of the surgery, plaintiffs, the surviving children of Mr. Scott, filed a petition in district court and a complaint with the Medical Malpractice Review Panel against Dr. Haley and the Eye Care Surgery Center of Baton Rouge.
The petition and complaint, filed on September 11, 1991, alleged that as a direct result of the improper administration of anaesthesia, Mr. Scott experienced serious complications, including a detached retina and blindness in his left eye. The plaintiffs also alleged that despite further treatment and surgery, the blindness continued until Mr. Scott's death on January 23, 1991. The plaintiffs further alleged that as a direct result of the negligence, Mr. Scott suffered anguish, inconvenience, pain and suffering, change in lifestyle and work habits, humiliation and embarrassment, and increased medical expenses.
On July 21, 1992, the Medical Review Panel issued its notice of decision. Within 90 days of receiving notice, the plaintiffs filed their first supplemental and amending petition setting forth claims for wrongful death. The defendants filed the peremptory exception raising the objection of prescription praying for the dismissal of the wrongful death claims. The trial court maintained the exception, and this appeal followed.

I
We first address the issue of whether La.Code Civ.P. art. 1153 allows the supplemental petition to relate back to the date of filing the original petition. La.Code Civ.P. art. 1153 provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
It is well established in Louisiana jurisprudence that "article 1153 permits amendment despite technical prescriptive bars where the original pleading gives fair notice of the general fact situation out of which the amended claim arises." Gunter v. Plauche, 439 So.2d 437, 440 (La.1983); Baker v. Payne and Keller of Louisiana, Inc., 390 So.2d 1272, 1275 (La.1980); Esteve v. Iberia Parish Hospital, 520 So.2d 848, 849 (La.App. 3rd Cir.), writ denied, 522 So.2d 561 (La.1987). "Where there is some factual connexity between the original and amended assertions, together *795 with some identity of interest between the original and the supplemental party, amendment should be allowed." Gunter, 439 So.2d at 440; Baker, 390 So.2d at 1275; Esteve, 520 So.2d at 849.
Courts have allowed amendments to relate back even when the supplemental petition contains a new cause of action. In Gunter, the supreme court held that where the amendment was between the same parties but stated a different cause of action from the one asserted in the original petition, article 1153 permitted the amendment to relate back, because the original pleading gave fair notice of the general fact situation from which the amended claim arose. Gunter, 439 So.2d at 440-41; See also Taylor v. Johnson, 617 So.2d 1213, 1216 (La.App. 3rd Cir.1993).
The essence of interruption of prescription by suit is notice. In this case, the same parties are named in both petitions. While the original petition does not specifically mention wrongful death, it states that Mr. Scott died on January 23, 1991. Furthermore, the original petition explicitly sets forth the acts of malpractice which allegedly contributed to Mr. Scott's death.
Under these facts, there is identity of interest between the parties and there is sufficient factual connexity between the original and supplemental petition to give defendants notice of plaintiffs' amended claim. We therefore hold that the supplemental petition setting forth the wrongful death claim relates back to the date of filing the original petition.

II
In holding that the supplemental petition relates back under article 1153, we need not address the second issue presented in this case.
For the foregoing reasons, the judgment of the trial court sustaining the defendants' peremptory exception raising the objection of prescription is reversed. The case is remanded to the district court for further proceedings consistent with the views expressed herein. All costs of this appeal are assessed against the defendants.
REVERSED AND REMANDED.
GONZALES, J., concurs.