# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-551


WILBERT S. PORCHE

VERSUS

SUTHERLANDS LUMBER AND
HOME CENTER, INC., ET AL.



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 236,156
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


### AFFIRMED AND REMANDED.


Christopher J. Roy, Sr.
Chris J. Roy, Sr. Law Office, L.L.C.
1920 Jackson Street
Alexandria, Louisiana  71301
(318) 767-1114
Counsel for Plaintiffs/Appellants:
    Rosana Scott Vanburen
    Blanche P. Wallace
    Kimberly Yvonne Guidy

**George C. Gaiennie, III**
**Gaiennie Law Firm, L.L.C.**
**1920 Jackson Street**
**Alexandria, Louisiana 71301**
**(318) 767-1114**
**Counsel for Plaintiffs/Appellants:**
**Rosana Scott Vanburen**
**Blanche P. Wallace**
**Kimberly Yvonne Guidy**

**Mark F. Vilar**
**Aaron L. Green**
**Paul Boudreaux, Jr.**
**Vilar & Green, L.L.C.**
**1450 Dorchester Drive**
**Alexandria, Louisiana 71301**
**(318) 442-9533**
**Counsel for Defendants/Appellees:**
**Sutherland Building Material Centers, L.P.**
**Wesco Insurance Company**

**KEATY, Judge.**

Substituted party plaintiffs appeal a trial court judgment granting defendants' exception of prescription and dismissing their wrongful death claims as prescribed. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Wilbert Porche was injured on September 8, 2008, when he fell at a lumber store after tripping on the fork portion of a forklift that was partially obstructing an aisle. He filed suit against Sutherland Building Material Centers, L.P., and its liability insurer, Wesco Insurance Company on September 4, 2009, to recover for the damages he sustained a result of the accident.[1] Porche died on May 23, 2012, and in January 2013, his mother, Blanche Smith; two sisters, Rosana Vanburen and Blanche Wallace; and niece, Kimberly Guidry, filed a motion to be substituted as parties plaintiff in Porche's personal injury lawsuit. The trial court allowed the substitution by order dated January 9, 2013. The substituted plaintiffs (hereafter referred to as "Plaintiffs")[2] filed an Amending and Supplemental Petition in September 2013 wherein they disclosed that Porche had no children and was not married at the time of his death. In that pleading, Plaintiffs further alleged that Smith had assigned to the remaining Plaintiffs:

> [A] one fourth undivided interest each in her cause of action for the damages incurred by the deceased as a result of the accident alleged in the original petition, and each of the petitioners now owns a one fourth undivided interest in the cause of action set forth in the original petition.

By order dated September 9, 2013, the trial court allowed the Amending and Supplemental Petition to be filed and granted Plaintiffs' request to strike from their

---

[1] Sutherland Lumber and Home Center, Inc. was improperly named as an original defendant but was later removed by supplemental and amending petition.

[2] We will use the term "Plaintiffs" to refer to the substituted plaintiffs despite the fact that Smith died during the pendency of this action.

motion to substitute parties the allegation that Porche died "from natural causes unrelated to the injuries for which he claimed damages in his Petition."

In November 2017, Defendants filed peremptory exceptions of peremption and prescription in which they asserted that any potential wrongful death cause of action arising in favor of Plaintiffs with regard to Porche had prescribed, as no such claim had been brought within one year of his May 2012 death. In response, Plaintiffs filed a Third Amending and Supplemental Petition in which they alleged that the injuries Porche suffered in the accident made subject of this lawsuit "caused or contributed to" his death and that Porche's mother, Smith, suffered damages and incurred expenses as a result of Porche's death. Therein, Plaintiffs disclosed that Smith died testate in 2014 and that by a judgment rendered in her succession, they were sent into possession of Smith's "right, title, and interest in the survival action and the wrongful death action which Blanche Scott Smith had arising out of the injuries sustained by Wilbert S. Porche at the Sutherland store on or about September 8, 2008." Plaintiffs also filed a memorandum in opposition to Defendants' exceptions wherein they alleged that they had amended and supplemented their petition to set forth a wrongful death claim that was not prescribed because it arose from the accident that served as the basis for Porche's timely filed original petition.

At the conclusion of a March 5, 2018 contradictory hearing, the trial court granted Defendants' exception of prescription in open court and dismissed Plaintiffs' wrongful death claim.[3] Plaintiffs appeal, arguing in their sole assignment of error that the trial court erred in sustaining the exception of prescription as to their wrongful death claim.

---

[3] The trial court designated the ruling as a final judgment per La.Code Civ.P. art. 1915(B).

2

## DISCUSSION

Prescription statutes are intended to protect defendants against stale claims and the lack of notification of a formal claim within the prescriptive period. Ordinarily, the burden of proof is on the party pleading prescription; however, if on the face of the petition it appears prescription has run, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. . . . The prescriptive period for a wrongful death action is controlled by La.C.C. art. 3492, the one-year liberative period applicable to delictual actions.

*Brown v. Our Lady of The Lake Reg'l Med. Ctr.*, 00-2548, p. 3 (La.App. 1 Cir. 12/28/01), 803 So.2d 1135, 1137 (citations omitted). "When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review." *Specialized Loan Servicing, L.L.C. v. January*, 12-2668, pp. 3-4 (La. 6/28/13), 119 So.3d 582, 584.

Survival actions are governed by La.Civ.Code art. 2315.1(A), which provides, in pertinent part, that:

If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased.

Wrongful death actions are governed by La.Civ.Code art. 2315.2, which provides, in pertinent part, that:

If a person dies due to the fault of another, suit may be brought by the following [later enumerated] persons to recover damages which **they sustained** as a result of the death[; however, t]he **right of action** granted by this Article **prescribes one year from the death of the deceased**.

La.Civ.Code art. 2315.2(A) and (B) (emphasis added).

Both survival and wrongful death rights of action are "heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period." La.Civ.Code arts. 2315.1(C) and 2315.2(C). Louisiana Code of Civil Procedure Article 1153 provides that "[w]hen the action or defense asserted in the amended

3

petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."

In their memorandum in opposition to Defendants' exceptions, Plaintiffs acknowledged that "[a]t the time of the filing of the exceptions no wrongful death claim had been made." They asserted, however, that since then, they had "amended and supplemented their petition to set forth a wrongful death claim as well as the previously asserted survival claim." Citing La.Code Civ.P. art. 1153, Plaintiffs alleged that because their wrongful death claim arose out of the accident upon which Porche's original petitions was based, the amendment should relate back to that pleading, thus making their wrongful death claim timely such that Defendants' exceptions should be denied. Moreover, Plaintiffs submitted that La.Code Civ.P. art. 1153 should apply despite the fact that survival and wrongful death claims are separate causes of action, as was the result reached in *Scott v. Haley*, 632 So.2d 793 (La.App. 1 Cir. 1993). *Scott* was a medical malpractice case in which the first circuit allowed "an amending petition asserting a wrongful death claim, filed more than a year after the decedent's death, [to] relate back to a timely filed original petition which asserts a survival action." *Id.* at 794. The plaintiffs in *Scott* were the surviving children of Mr. W. Bennett Scott, Sr., whom, as disclosed in their petition, had died after experiencing complications from eye surgery. In holding that the plaintiffs' wrongful death claim was timely, the first circuit noted:

> The essence of interruption of prescription by suit is notice. In this case, the same parties are named in both petitions. While the original petition does not specifically mention wrongful death, it states that Mr. Scott died on January 23, 1991. Furthermore, the original petition explicitly sets forth the acts of malpractice which allegedly contributed to Mr. Scott's death.
>
> Under these facts, there is identity of interest between the parties and there is sufficient factual connexity between the original and

4

> supplemental petition to give defendants notice of plaintiffs' amended claim.

*Id.* at 795.

Defendants counter that after *Scott* was decided, the fourth circuit clarified that "LSA–C.C.P. art. 1153 which provides for relation back refers only to amended petitions, not supplemental petitions." *Smith v. Cutter Biological*, 99-2068, p. 36 (La.App. 4 Cir. 9/6/00), 770 So.2d 392, 412. In *Smith*, a hemophiliac filed suit in 1993 against the manufacturer of an allegedly tainted clotting factor. Following his death and while his suit was pending, his parents filed a motion to be substituted as plaintiffs in 1997. After a jury found the defendants liable for negligence and fraud, awarding the parents survival and wrongful death damages, the trial court entered a judgment dismissing the parents' claims as prescribed.[4] The parents appealed, and the first circuit affirmed. In deciding the matter before it, the *Smith* court noted:

> [I]n *Scott* there are several factors favoring the doctrine of relation-back that do not exist in the instant case: 1) a timely filed original petition; 2) the same parties that filed the original petition filed the amendment; 3) the death of the decedent was referred to in the original petition; and 4) the *Scott* court was not being asked to relate the wrongful death claim back to a time prior to the time it arose.

*Id.* at 411. In pondering the issue before it, the *Smith* court "observe[d] that it seems strange to contemplate the relation back of a claim or cause of action to a time prior to the time at which the claim or cause of action came into existence." *Id.* at 410. Ultimately, the fourth circuit held that the son's "untimely filed original petition does not support the relation-back of a new cause of action asserted by new parties." *Id.* at 413. In so holding, the *Smith* court payed special attention to La.Code Civ.P. art. 1153's positioning in the Louisiana Code of Civil Procedure. Article 1153 is found between Article 1151, which provides for amended petitions and answers, and

---

[4] The trial court had reserved the issue of prescription to be tried by the bench.

Article 1155, which provides for supplemental petitions and answers "setting forth items of damage, causes of action or defenses **which have become exigible since the date of filing the original petition or answer**." La.Code Civ.P. art. 1155. Based on their analysis, the fourth circuit "reach[ed] the inescapable conclusion that when the legislature failed to provide for the relation-back of supplemental petitions it was not through oversight, but through reason." *Smith*, 770 So.2d at 412. The *Smith* court later reiterated that the "touchstone element giving rise to a claim of wrongful death is the death of the decedent[, a]nd La.C.C.P. art. 1153 permits post-prescription amendment only if the original pleading gives fair notice of the general factual situation from which the amended demand arises." *Brown*, 803 So.2d at 1139.

Recently, this court addressed the difference between amending pleadings and supplemental pleadings in the context of an oilfield legacy litigation, stating:

> The rights sought to be bestowed in the assignments were not exigible at the time of suit in 2010. Therefore, the claims in the new petition were supplemental, not amending, no matter how the caption of the petition reads, and the relation back of La.Code Civ.P. art. 1153 applies only to amending petitions.
>
> . . . .
>
> In this case, the evidence in the record confirms that Grace Ranch filed its original petition in 2011. In 2013, Grace Ranch sought several assignments of tort claims from the Leblancs and/or their heirs. According to La.Civ.Code art. 3493, "[w]hen damage is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage." In 2017, Grace Ranch filed a "First Amended Petition for Damages," asserting the tort claims it was previously assigned in 2013. According to the dictates of *Boone*[ *v. Conoco Phillips Co*., 13-1196 (La.App. 3 Cir. 5/7/14), 139 So.3d 1047], the rights sought to be bestowed in the assignments were not exigible at the time Grace Ranch filed suit in 2011. Thus, the claims asserted in Grace Ranch's 2017 pleading were supplemental rather than amending. Since relation back under La.Code Civ.P. art. 1153 applies only to amending petitions, the claims asserted in Grace Ranch's 2017 supplemental petition do not relate back to the original petition's filing. Since the claims do not relate back, the newly alleged tort claims prescribed before they were asserted.

*Grace Ranch, LLC v. BP Am. Prod. Co.*, 17-1144, pp. 17-18 (La.App. 3 Cir. 7/18/18), 252 So.3d 546, 557-58 (quoting *Boone*, 139 So.3d 1047).

In the instant matter, after hearing the arguments of counsel, the trial court stated that La.Code Civ.P. art. 1153 did not apply to these facts so as to allow Plaintiffs' supplemental pleading to relate back to the date Porche's original petition was filed. Thereafter, it granted Defendants' exception of prescription as to Plaintiffs' "wrongful death claim only," thus noting the viability of Plaintiffs' survivor claims.

As previously noted, the right to bring a wrongful death action "prescribes one year from the death of the deceased." La.Civ.Code art. 2315.2(B). Porche, the original plaintiff herein, died on May 23, 2012. Thus, any right of action pertaining to his wrongful death prescribed on May 23, 2013. When Porche's mother, Smith, died in 2014, she had not asserted a wrongful death claim in regard to her son. Accordingly, she possessed no wrongful death claim to assign to the remaining Plaintiffs while she was alive or to transmit to the remaining Plaintiffs by testament upon her death. In addition, Plaintiffs herein admittedly did not file a Third Amending and Supplemental Petition in which they attempted to set forth any wrongful death claims until December 27, 2017, long after any such claims had already prescribed. Accordingly, the trial court did not err in determining that Plaintiffs' wrongful death claims were prescribed. This matter will be remanded to the trial court for the adjudication of Plaintiffs' survivor claims.

## DECREE

For the foregoing reasons, the judgment of the trial court granting the exception of prescription in favor of Defendants, Sutherland Building Material Centers, L.P., and Wesco Insurance Company with regard to the wrongful death

7

claims asserted by Plaintiffs, Rosana Scott Vanburen, Blanche P. Wallace, and Kimberly Yvonne Guidry is affirmed. This matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed against Plaintiffs.

**AFFIRMED AND REMANDED.**