876 So.2d 112 (2004)
Carol Chilton DE ATLEY, et al
v.
VICTORIA'S SECRET CATALOGUE, LLC., et al.
Nos. 2004-C-0661, 2004-C-0662.
Court of Appeal of Louisiana, Fourth Circuit.
May 14, 2004.
*113 Gladstone N. Jones, III, Peter N. Freiberg, Kevin E. Huddell, Jones, Verras & Freiberg, LLC, James M. Garner, Timothy B. Francis, Emma E. Daschbach, *114 Sher, Garner, Cahill, Richter, Klein, McAlister & Hilbert, LLC, New Orleans, LA, Johnnie L. Cochran, Jr., The Cochran Law Firm, Los Angeles, CA, and M. Lance Holden, Sharit Bunn & Chilton, PA, Winter Haven, FL, for Plaintiffs/Respondents Carol Chilton De Atley and Ronald R. De Atley.
Thomas E. Loehn, Charles K. Chauvin, Boggs, Loehn & Rodrigue, New Orleans, LA, for Defendant/Relator, Cheri Pink, Inc.
Mark N. Bodin Gary C. Carter, McGlinchey Stafford, PLLC, New Orleans, LA and David S. Osterman, Esq., McCarter & English, LLP, Newark, NJ, for Relators, Victoria's Secret Catalogue, LLC and Intimate Brands, Inc.
(Court composed of Judge MAX N. TOBIAS, JR., Judge DAVID S. GORBATY, and Judge LEON A. CANNIZZARO, JR.).
MAX N. TOBIAS, JR., Judge.
Relators, Cheri Pink, Inc. ("Cheri Pink") and Victoria's Secret Catalogue, L.L.C. n/k/a Victoria's Secret Direct, LLC ("Victoria's Secret"), have filed substantially similar writ applications objecting to the denial of their peremptory exceptions of no cause of action and prescription by the trial court. For the reasons below, we grant the writ, but deny relief, and remand the matter for further proceedings.
This matter involves a suit for bodily injury arising out of a fire that occurred on 8 January 2001 at the home of the respondents Carol Chilton De Atley and Ronald R. De Atley. The fire started when Ms. De Atley's cotton flannel dress caught on fire from the nearby gas fireplace, causing severe bodily injury.
On 21 September 2001, the respondents filed suit seeking damages under the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.51 et seq. The respondents allege that the dress worn by Ms. De Atley, which had been purchased from a Victoria's Secret catalog in December 1999, was unreasonably dangerous in various respects pursuant to the LPLA. Cheri Pink is alleged to have sold the dress to Victoria's Secret for retail sale.
On 11 December 2003, the respondents filed a third amended and supplemental petition which added for the first time a claim in redhibition. In response to this amended and supplemental petition, the relators filed the exceptions at issue. Both were denied by the trial court.
The relators contend that the exception of no cause of action should be granted and the claim for redhibition dismissed on the basis that the LPLA provides the exclusive theories of liability against manufacturers for their allegedly defective products. Alternatively, the relators contend that the exception of prescription should be granted because the redhibition claim constitutes a completely distinct and separate cause of action from the products liability claim and, therefore, does not relate back to the filing of the original petition so as to interrupt prescription.
We first address the respondents' motion to dismiss the application of Victoria's Secret's application for writs on the basis of the failure of Victoria's Secret to attach the notice of intention of seeking a writ and an order from the trial court setting the deadline for filing the application for supervisory writs in this court, as required by Rules 4-2 and 4-3 of the Uniform Rules of the Courts of Appeal. Victoria's Secret supplemented their application with the notice and a copy of an order setting the deadline. The later demonstrates that the application is timely. Therefore, that issue is now moot.
*115 Second, we note that Cheri Pink's application is defective for failure to conform to Rule 4-5 of the Uniform Rules of the Courts of Appeal. Our rules specifically require that a relator file a verified application for a supervisory writ. Cheri Pink's application contains no verification, which ordinarily would result in the automatic denial of the writ application on the showing made by the relator. However, only because (a) the issues in the writ applications of Cheri Pink and Victoria's Secret deal with the identical issue and (b) we have consolidated the writ applications of the relators, we find the interests of justice direct us to consider the merits of Cheri Pink's writ application.[1] La. C.C.P. art. 2164.
On the merits of the applications, we first address the issue of whether the exclusivity provision of the LPLA prohibits the respondents' claim of redhibition. The LPLA, enacted in 1988 "establishes the exclusive theories of liability for manufacturers for damages caused by their products." La. R.S. 9:2800.52. The statute defines "damage" as follows:
"Damage" means all damage caused by a product, including survival and wrongful death damages, for which Civil Code Articles 2315, 2315.1 and 2315.2 allow recovery. "Damage" includes damage to the product itself and economic loss arising from a deficiency in or loss of use of the product only to the extent that Chapter 9 of Title VII of Book III of the Civil Code, entitled "Redhibition [La. C.C. art. 2520 et seq.]," does not allow recovery for such damage or economic loss. Attorneys' fees are not recoverable under this Chapter.
La. R.S. 9:2800.53(5).
Thus, the statute defines "damage" by explicitly excluding amounts recoverable under redhibition for damage to the product and other economic loss. Courts have interpreted the LPLA as preserving redhibition as a cause of action only to the extent the claimant seeks to recover the value of the product or other economic loss. See Pipitone v. Biomatrix, Inc., 288 F.3d 239, 251 (5th Cir.2002); Thomas C. Galligan, Jr., Contortions Along the Boundary Between Contracts and Torts, 69 Tulane L.Rev. 457, 489-91 (1994). Thus, we conclude that the respondents have a cause of action for redhibition for economic loss only and not for personal injury claims.
The remedies for a claim under the LPLA and one in redhibition are different in a number of ways. The LPLA is the exclusive remedy against a manufacturer and does not allow for the recovery of attorney's fees, while attorney's fees are recoverable from the manufacturer in a redhibition claim pursuant to La. C.C. art. 2545. However, attorney's fees may be awarded only:
[I]nsofar as those fees relate to the recovery of purely economic loss. This is because much of the proof of a "vice" for redhibition recovery overlaps with proof of a defective product for tort purposes. However, courts in such suits should be careful to realistically allocate recovery costs between the personal injury and economic loss portions of the claim.
Frank L. Maraist & Thomas C. Galligan, Jr., Louisiana Tort Law § 15-6 (1996) (citations omitted).
Thus, it will be for the trial court to determine what of the respondents' claims constitute pure economic loss and what *116 damages for which La. C.C. arts. 2315, 2315.1, and 2315.2 allow recovery. Attorney's fees would only be recoverable for the pure economic loss and not for the damages recovered pursuant to the LPLA.[2]
We now turn to the question of whether the amended petition setting forth the claim for redhibition relates back to the original filing. According to the original petition, the dress was purchased on 8 December 1999; the fire occurred on 8 January 2001; the original suit setting for a claim under the LPLA was filed on 21 September 2001; and the redhibition claim was added on 11 December 2003. La. C.C. art. 2534 provides in pertinent part:
A. (1) The action for redhibition against a seller who did not know of the existence of a defect in the thing sold prescribes in four years from the day delivery of such thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first.
* * *
B. The action for redhibition against a seller who knew, or is presumed to have known, of the existence of a defect in the thing sold prescribes in one year from the day the defect was discovered by the buyer.
Pursuant to La. C.C.P. art. 1153:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
It is well established that La. C.C.P. art. 1153 permits amendment despite technical prescriptive bars where the original pleading gives fair notice of the general fact situation out of which the amended claim arises. Gunter v. Plauche, 439 So.2d 437, 440 (La.1983), citing Baker v. Payne and Keller of Louisiana, Inc., 390 So.2d 1272 (La.1980). "Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and the supplemental party, amendment should be allowed." Baker, 390 So.2d at 1275; Gunter, 439 So.2d at 440.
We have reviewed the original and amended petitions filed by the respondents. In the original petition, it is alleged that the dress in question was purchased by Ms. De Atley and caught on fire because it is unreasonably dangerous in construction and composition, in design, and due to an inadequate warning, all claims under the LPLA. In the third amended petition, the respondents set forth the claim for redhibition. The pleading alleges that the defect in the dress rendered it so useless and/or its use so inconvenient that it must be presumed that Ms. De *117 Atley would not have bought the dress had she known of the defect. See La. C.C. art. 2520.
We find that there is a factual connexity between the LPLA and redibition claims in this case. In addition, we find that a products liability cause of action in which the plaintiff is a consumer of the product may sound in tort, La. C.C. art. 2315, in redhibition, La. C.C. art. 2545, or both. Firmin, Inc. v. Denham Springs Floor Covering, Inc., 595 So.2d 1164, 1170-71 (La.App. 1 Cir.1991). The primary difference between the two causes of action is the damages available under the two theories of recovery.
In the instant case, but for the sale of the dress from the relators to Ms. De Atley, the dress would not have caught on fire.[3] Consequently, we find that the third amended petition relates back to the filing of the original pleading.
MOTION DENIED; WRIT GRANTED; RELIEF DENIED.
NOTES
[1] With appropriate deference to the following corruption of Ralph Waldo Emerson's famous quote, to not consider Cheri Pink's application in the present case might be said to be "a foolish consistency is the hobgoblin of little minds."
[2] It would be inappropriate for the respondents to argue for an overly broad definition of economic loss under the redhibition claim for the sole purpose to recover attorney's fees for damages that clearly fall under the LPLA. Damages recoverable under the LPLA include pain and suffering, medical expenses, damage to property, other than to the product itself, and loss of consortium, to name a few. See John Kennedy, A Primer on the Louisiana Products Liability Act, 49 La. L.Rev. 565, 579-80 (1989). On the other hand, economic loss would include the cost of the product, and the loss of income or profits resulting from the loss of or inability to use the product as intended. Respondents' reliance on Andry v. Murphy Oil USA, Inc., 97-0793, 97-0800 (La.App. 4 Cir. 4/1/98), 710 So.2d 1126, for the proposition that medical expenses are economic losses, is misplaced. That statement by the court was pure dicta. In addition, the LPLA specifically references La. C.C. art. 2315, under which medical expenses for personal injuries are typically recovered.
[3] Louisiana is a fact pleading state. La. C.C.P. art. 854. We note that if the respondents had commenced their action as a claim sounding in redhibition, it is readily apparent that an amendment of the petition to state a claim sounding in products liability would be timely. Logically, by doing the reverse (filing a claim sounding in products liability and subsequently amending to state a claim sounding in redhibition), the claim is timely