390 So.2d 1272 (1980)
Frances Mathews BAKER
v.
PAYNE AND KELLER OF LOUISIANA, INC., Georgia Pacific, Inc., Maryland Casualty Company et al.
No. 67437.
Supreme Court of Louisiana.
November 10, 1980.
Rehearing Denied December 15, 1980.
*1273 Maurice D. Robinson, Jr., Kopfler, Robinson & Moody, Hammond, for plaintiff-applicant.
John S. White, Jr., Kennon, White & Odom, David W. Robinson, Watson, Blanche, Wilson & Posner, W. S. McKenzie, Taylor, Porter, Brooks & Phillips, Horace C. Lane, Lane & Clesi, Felix R. Weil, Baton Rouge, for defendants-respondents.
DIXON, Chief Justice.
This wrongful death action was brought against several defendants,[1] including Payne and Keller and Maryland Casualty Company, the decedent's employer and the employer's insurer. Both excepted, arguing that plaintiff's exclusive remedy, as to them, was under the workmen's compensation act. (Plaintiff was receiving workmen's compensation benefits; Maryland later intervened to recover them if plaintiff's suit should be successful). These peremptory exceptions were sustained, and the employer was dismissed from the suit. Maryland, however, was not dismissed; plaintiff was given fifteen days to amend and allege a cause of action against Maryland.
The original petition alleged that Fred Baker, Jr., while at work for Payne and Keller, his employer, on January 27, 1976 at a Georgia Pacific, Inc. plant, suffered an injury when a piece of pipe under the care *1274 and control of an employee of either Payne and Keller or Georgia Pacific was dropped on him, an injury from which Baker died on January 30, 1976. The accident was caused by the fault, it was alleged, of the employees and agents of Payne and Keller and Georgia Pacific in failing to provide a safe place to work, safety procedures and medical and emergency treatment.
The judgment sustaining the peremptory exceptions of Payne and Keller and Maryland was rendered and signed on March 11, 1977.
On March 17, 1977 plaintiff filed her amended petition, naming as new defendants (in addition to Hartford Accident and Indemnity Company, an insurer of Georgia Pacific) five named employees of Payne and Keller (and some unidentified supervisory employees of Georgia Pacific) all of whom were charged with fault in the death of Baker, for the same reasons, amplified, as in the original petition. Maryland Casualty, named the liability insurer of Payne and Keller in the original petition, was, in the amended petition, said to be the liability insurer of both Payne and Keller and their executive officers.
Maryland Casualty, having intervened in July, 1977 to recover compensation benefits paid plaintiff, filed on April 21, 1978 a plea of prescription of one year to the demand in the amended petition. Pleas were also filed on behalf of the named employees. All pleas of prescription were sustained. The Court of Appeal affirmed on the authority of Trahan v. Liberty Mutual Insurance Co., 314 So.2d 350 (La.1975).
In the Trahan case this court explained:
"... Stated another way, there must be a solidary obligation to plaintiff of one or more of the six named executive officers (and, as a consequence, their insurers) and Chrzanowski, as in this case the insurers are liable only in their capacities as insurers of their respective insureds...." 314 So.2d at 356.
This statement was made in explaining why C.C. 2097 ("A suit brought against one of the debtors in solido interrupts prescription with regard to all.") did not require a finding that the first suit interrupted prescription against the new defendants and their insurers in the second suit. The first suit had gone to final judgment; those six named executive officers and their insurers, in that capacity, were absolved, and could not, therefore, be solidary debtors with Chrzanowski to the plaintiffs; those executive officers had never been indebted to plaintiffs.
As for the contention that R.S. 9:5801 effected an interruption, the Trahan court found the cause of action in each of the two suits different. R.S. 9:5801 provides:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants ... by the commencement of a civil action ..."
The cause of action consists of the juridical facts-the material facts giving rise to the demand. The material facts in the first suit were the acts of the six defendants; the material facts in the second suit giving rise to the demand were the acts of the new defendants-former plaintiffs-alleged to have caused the accident. Since the second suit was based on a new cause of action, there was no interruption under 9:5801.
But in the case now at issue, there has never been but one cause of action. It is the same in the first petition and in the amended petition. The employees and agents (not named in the first petition) of Payne and Keller and Georgia Pacific failed to furnish a safe place to work and other protective measures, and permitted a piece of pipe in their control to injure Fred Baker.
There has been no finding in this suit that the actors in the first petition were not liable, as there was in Trahan. Here the actors are the same in the two petitions. The conduct causing the harm is the same. The cause is the same. For prescription to be interrupted by suit, it is not necessary for the plaintiff to meet the requirements of both C.C. 2097 and R.S. 9:5801. If one solidary obligor is sued, prescription is interrupted as to the others; if one cause of action is sued on, all prescriptions *1275 affecting the cause of action are interrupted as to all defendants. National Surety Corp. v. Standard Accident Insurance Co., 247 La. 905, 175 So.2d 263 (1965).
The Trahan case was properly interpreted in 36 La.L.Rev. 382, 386:
"These decisions [Trahan and others] also lead to the conclusion that a timely suit against an `answerable' defendant, financially responsive for the acts of a tortfeasor, will interrupt prescription as to that tortfeasor even though he might not himself be sued until well after the prescriptive period has expired...."
See Pearson v. Hartford Accident & Indemnity Co., 281 So.2d 724 (La.1973), where suit against a named defendant interrupted prescription as to the liability insurer, not named a party until after the prescriptive period had run.
Further, C.C.P. 1153 provides:
"When the action ... asserted in the amended petition ... arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."
Maryland was never dismissed from this suit; as distinguished from Trahan, where there was a full trial on the merits and the defendants in the first suit were exonerated, Payne and Keller was dismissed only because it was the decedent's employer and enjoyed immunity under the workmen's compensation act. The trial judge retained Maryland in the suit and permitted plaintiff to amend her petition to state a cause of action against Maryland. The amended petition stated that Maryland was being sued in its capacity as insurer of Payne and Keller and its named executive officers.
It is well established that Louisiana Code of Civil Procedure article 1153 permits amendment despite technical prescriptive bars where the original pleading gives fair notice of the general fact situation out of which the amended claim or defense arises. In his article, Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211, 233 (1969), Justice Tate states:
"... The article deliberately adopts no test of identity of cause or legal theory between the original and amending petitions; the amendment's thrust need only be based upon or factually relate to (`arise out of') the `conduct, transaction, or occurrence' originally alleged. If the original timely pleading gives actual notice to a party that a formal claim or defense is being made based upon a particular factual situation, no essential protective purpose of a prescriptive statute is violated by permitting relation back of a postprescription amendment based on the same factual situation. Through the original pleading the opponent knows that judicial relief is sought arising from the general factual situation alleged, and he is put on notice that his evidence concerning it should be collected and preserved...." (Emphasis added).
Where there is "some factual connexity between the original and amended assertions, together with some identity of interest between the original and the supplemental party," amendment should be allowed. 43 Tul.L.Rev. at 234. The only difference between the original and the amended petition is the inclusion of the allegation that Maryland was the insurer of certain of Payne and Keller's employees as well as the insurer of the corporation. The transaction or occurrence giving rise to the demand for payment remains unchanged. Since the essence of interruption of prescription by suit is notice, and Maryland clearly had notice of the plaintiff's suit against it and the occurrence upon which the demand was based, the running of prescription as to Maryland was interrupted.
For these reasons, the judgments of the courts below are reversed, the pleas of prescription are overruled, and the case is remanded for further proceedings, at the cost of the defendants.
NOTES
[1] Defendants before us are Maryland Casualty Company, M. J. Guillory, Ken Mitcham, A. J. Elisar, Danny Reagan and Roger Newman.