439 So.2d 437 (1983)
Danny Ray GUNTER
v.
Herbert K. PLAUCHE, M.D., et al.
No. 83-C-0974.
Supreme Court of Louisiana.
October 17, 1983.
Dissenting Opinion October 19, 1983.
*438 Robert W. Stratton, Baton Rouge, for applicant.
Donald T.W. Phelps, Myron A. Walker, Jr., Baton Rouge, for respondents.
BAILES, Justice Pro Tem.[*]
Plaintiff's malpractice action was dismissed by the trial court which sustained defendant's exception of prescription, and the court of appeal affirmed. The issue on appeal is whether the action asserted in plaintiff's amending petition alleging lack of informed consent "arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" alleging medical malpractice so as to relate back to the date of filing the original pleading. La.Code Civ.P. art. 1153. We find that it does, and thus reverse.
Plaintiff, Danny Ray Gunter, injured his knee on June 14, 1976, and was referred to Dr. Herbert K. Plauche, who, after a short period of treatment, recommended surgery. The surgery on July 1, 1976 was unsuccessful, and plaintiff underwent corrective surgery by defendant on September 16, 1976, which was also unsuccessful. Suffering continued pain, plaintiff eventually went in July 1977 to another orthopedic surgeon, who performed a third operation on the knee on September 7, 1977.
On August 31, 1978, plaintiff filed this suit against defendant. The "petition for damages for medical malpractice" stated that defendant saw, diagnosed and treated plaintiff on specified dates in 1976 and advised plaintiff that knee surgery was indicated. The petition alleged that the initial treatment and two operations by defendant were negligently performed. On September 4, 1980, plaintiff filed with leave of court a "supplemental and amending petition" alleging the treatment and two operations were performed without properly informing plaintiff as to alternatives and risks.[1]
Defendant was granted a directed verdict at the first jury trial in October 1980, but the court of appeal reversed and remanded. The court held that reasonable jurors might conclude that plaintiff was denied the right *439 to informed consent.[2] A second jury trial in January 1982 resulted in a jury verdict for defendant on the negligent operation claim, but awarded plaintiff $175,000 on the lack of informed consent claim.
During the course of the second trial, defendant filed a peremptory exception of prescription as to the original petition and, in the alternative, as to the amending petition. The trial judge took no action at that time, but after the verdict was rendered the judge refused to sign a judgment and set a hearing on the exception. The trial court then maintained the exception of prescription as to the amending petition, and judgment was signed dismissing the suit on February 24, 1982. The court of appeal affirmed.[3] On plaintiff's application, we granted certiorari to review the correctness of that judgment.[4]
While the courts below found for defendant on the basis that La.Code Civ.P. art. 1153 does not save the plaintiff's amending petition from prescription, the defendant continues to maintain as well that plaintiff's original petition was prescribed. Defendant argues that plaintiff should have been aware of sufficient facts after his second visit with his new physician on August 17, 1977 when surgery was scheduled to make him aware of his claims so as to commence the running of the one-year prescriptive period. If this were so, since the original petition was filed on August 28, 1978, it and hence the amending petition would be subject to the prescription exception.
However, we do not agree that because plaintiff had not recovered full use of his knee after two operations that he was put on inquiry that Dr. Plauche might have negligently performed the operations or inadequately explained the risks. The mere apprehension by plaintiff that something is wrong is not sufficient to start prescription unless plaintiff knew or should have known by exercising reasonable diligence that his problem condition may have been caused by acts of malpractice. Cordova v. Hartford Accident and Indemnity Company, 387 So.2d 574 (La.1980). We are not prepared to charge plaintiff with such knowledge prior to the September 7, 1977 operation by the second orthopedic surgeon, Dr. Watermeier, when doubts concerning the previous operations were sufficiently presented to plaintiff. There is no evidentiary basis for this court to find Dr. Plauche informed or advised the plaintiff that inherent in the first or second operation was the risk of operational damage to the tendons and ligaments of his knee. The only evidence as to the risks Dr. Plauche advised the plaintiff about were those attendant to the anesthesia, post-operative infection and post-operative blood clots. It was not until after the third operation, which was performed by Dr. Watermeier, that the plaintiff could have been informed of the causation of his disability, thus commencing the prescriptive period. Unsuccessful surgery is not per se an indication of malpractice. Chaney v. State through Department of Health and Human Resources, 432 So.2d 256 (La.1983); Young v. Clement, 367 So.2d 828 (La.1979). Therefore, we hold that plaintiff's original malpractice petition was timely filed.
Plaintiff filed his amending petition more than a year after he filed his original malpractice suit on August 31, 1978. Thus, it is unnecessary to consider the question of when plaintiff became aware of facts forming the basis of his lack of informed consent claim because he obviously knew he had a malpractice claim by the time he filed his original petition. If plaintiff's amended petition did not relate back to the original petition, then his cause of action under La. R.S. 40:1299.40 for lack of informed consent had prescribed under La.R.S. 9:5628.[5]Chaney *440 v. State through Department of Health and Human Resources, 432 So.2d 256 (La. 1983).
Plaintiff contends that his amending petition should be governed by La.Code Civ.P. art. 1153, which provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
The trial judge explained in his reasons for judgment that:
the malpractice suit that was originally filed against Dr. Plauche was an entirely different cause of action from the one under the informed consent; that they were not so interwoven that the filing of suit on one would constitute notice on the other; that they were different fact situations in each one. One had to do with a person either not having medical expertise or not using it in performing a surgery or diagnosis, and the other having to do with failure to adequately inform a person of the consequences of a surgery. I think it's two different instances altogether and obviously they occurred at different times inasmuch as a medical malpractice occurs at the time of the negligence, whenever it might be, whereas the informed consent occurs at the time of conversation between the parties.... [T]he supplemental or amending petitionwhatever name you want to put on itof September 4, 1980, did not relate back under CCP 1153 to August 31, 1978.
The court of appeal quoted and concurred with this "fact finding," holding that the defendants were not given fair notice in the original petition of the general fact situation from which the amended claim arose. We disagree.
It is well established that art. 1153 permits amendment despite technical prescriptive bars where the original pleading gives fair notice of the general fact situation out of which the amended claim arises. Baker v. Payne and Keller of Louisiana, Inc., 390 So.2d 1272 (La.1980). "Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and the supplemental party, amendment should be allowed." Baker, 390 So.2d at 1275.
In the instant case, of course, the actors are the same in both petitions. It is true that the original petition alleges surgical malpractice, a violation of the duty regulated by La.R.S. 9:2794, and the amended claim is for a breach of the duty to obtain informed consent to medical treatment, governed by La.R.S. 40:1299.40. See LaCaze v. Collier, 434 So.2d 1039 (La.1983). However, while there are two statutory duties and two causes of action, clearly there is some factual connexity between them. In this case, the consultation and recommendation of surgery occurred only nine days before the first operation. This brief phase of conduct by the defendant was one transaction or occurrence of medical service for purpose of prescription and relation back under art. 1153. See Chaney v. State through Department of Health and Human Resources, supra.
Louisiana's Code of Civil Procedure abolished the "theory of the case" restriction on pleadings. Cox v. W.M. Heroman and Company, 298 So.2d 848 (La. 1974). Article 1153 requires only that the amending petition's thrust factually relate to the conduct, transaction or occurrence originally alleged. While the original petition did not mention lack of informed consent, the factual events during June 1976 of the consultations and defendant's advising plaintiff that surgery was necessary were *441 explicitly set forth. The essence of interruption of prescription by suit is notice. Here, defendant had actual notice that judicial relief was being sought arising from that general factual situation of defendant's June 1977 conduct, and he thus was put on notice that his evidence concerning it should be collected and preserved. Baker v. Payne and Keller of Louisiana, Inc., supra; A. Tate, Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211 (1969). Both causes of action arose out of the conduct, transaction, or occurrence set forth in the original petition. Plaintiff will not be held to a burden of separating out in his initial pleading the defendant's actions during that month's medical service merely because two theories of recovery are possible out of that factual setting. The amending petition did not elaborate at all on the factual setting, and no challenge to its sufficiency was made; the factual allegations made originally met the notice requirement to defendant under art. 1153. The transaction or occurrence giving rise to the demand or object of the suit remained unchanged by the amendment, and, even if the state of facts which constitute the defendant's wrong differ enough so that two causes of action exist, the facts of the transaction which created both duties is similar enough to support a relation back of the amending petition under art. 1153. See Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 (La.1975); Federal Insurance Company v. Insurance Company of North America, 262 La. 509, 263 So.2d 871 (1972).
We therefore hold that the amending petition arose out of the same medical transaction so as to relate back to the date of filing of the original petition. Further, utilizing the same rationale, the original petition was sufficient to interrupt prescription as to the lack of consent claim which arose out of the exact medical transaction originally "noticed" to defendant in that petition. Langlinais v. Guillotte, 407 So.2d 1215 (La.1982); Giron v. Housing Authority of City of Opelousas, 393 So.2d 1267 (La.1981). The trial court erred in dismissing plaintiff's suit by sustaining defendant's exception of prescription.
The jury verdict in favor of plaintiff on the informed consent claim has never been made a judgment of the trial court or reviewed by the court of appeal. A proper disposition of this case, therefore, requires a remand to the district court for further proceedings.

DECREE
For the reasons assigned, the judgment of the court of appeal affirming the judgment of the trial court sustaining the defendant's exception of prescription and dismissing plaintiff's suit is reversed. The case is remanded to the district court for further proceedings consistent with the views expressed herein.
BLANCHE, J., dissents and assigns reasons.
BLANCHE, Justice (dissenting).
I respectfully dissent being of the opinion that the trial court and the court of appeal were correct. The principal of relating back comes into effect only when the cause of action asserted in the amending petition "arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." La.C.C.P. art. 1153. Lack of informed consent to surgery and negligence in the performance of surgery are two entirely different causes of action arising out of two separate events, and the filing of suit on one would not constitute fair notice of the other.
NOTES
[*] Bailes, J., sitting for Justice Marcus.
[1] Plaintiff also added St. Paul Fire and Marine Insurance Co. as the proper medical malpractice insurer of defendant.
[2] 399 So.2d 727 (La.App. 1st Cir.1981).
[3] 428 So.2d 1094 (La.App. 1st Cir.1983).
[4] 434 So.2d 1099 (La.1983).
[5] La.R.S. 9:5628(A), added by La.Acts 1975, No. 808, provides:

A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.