NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-577

JOSEPH LEGER

VERSUS

SAVOY MEMORIAL FOUNDATION, INC.

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 65214-A
HONORABLE JOHN LARRY VIDRINE, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

AFFIRMED.

**Donald Lynn Mayeux**
**Attorney at Law**
**P.O. Drawer 1460**
**Eunice, LA  70535**
**(337) 457-9610**
**Counsel for Plaintiff/Appellee:**
      **Joseph Leger**

**Chuck Randall West**
**West & Vidrine**
**510 West Magnolia**
**Ville Platte, LA  70586**
**(337) 363-2772**
**Counsel for Defendant/Appellant:**
**Savoy Memorial Foundation, Inc.**

**PICKETT, J.**

<u>FACTS</u>

On August 13, 2002, Joseph Leger was a patient at New Horizons, a medical mental facility that is part of the Savoy Medical Center in Mamou, Louisiana. While sitting in a chair during a counseling session, the chair allegedly broke, causing Mr. Leger to fall and sustain personal injuries.

On August 19, 2002, New Horizons received a letter from Mr. Leger's attorney, Donald Mayeaux, advising them that his client was bringing a claim against the facility as a result of his fall. On September 15, 2002, Mr. Leger received a letter from Dan Turpen of Caronia Corporation (Caronia) advising him that it was the authorized claims agent (not insurer) for Savoy Medical Center (Savoy) and that he would be investigating Mr. Leger's claim. Mr. Turpen asked that all medical records pertaining to any injury that Mr. Leger allegedly suffered as a result of this incident be forwarded to him. On October 24, 2002, Mr. Turpen sent a letter to Mr. Mayeaux informing him that he had completed his investigation and that, because the chair in question did not break but was still intact and useable, the claim was being denied.

On August 13, 2003, Mr. Leger filed a Suit for Damages against Savoy Memorial Foundation, Inc., d/b/a New Horizons. Allegedly, prior to filing suit, Mr. Leger checked the internet and with the Secretary of State for the correct name of the defendant. Those sources reflected that New Horizons was owned by Savoy Memorial Foundation but there was no separate entity listed with the Secretary of State for New Horizons. The Secretary of State's record also showed that Savoy Memorial Foundation was previously known as Mamou Health Sources, Inc. and as Southern Community Healthcare Corp., and that it is now known as Savoy Memorial Foundation, Inc.

On September 30, 2003, Savoy filed an Answer to Mr. Leger's suit asserting that on the date of the incident in question Rapides Regional Healthcare System, L.L.C. was the operator of the Savoy Medical Center where New Horizons is housed. Therefore, Savoy avers that it had no ownership interest in New Horizons and, thus, is not liable for the injuries the plaintiff sustained in his fall. On October 14, 2003, Savoy filed a Motion for Summary Judgment on the ground that it has no interest in the suit, is not the owner of New Horizons, and cannot be held responsible because it is the wrong party defendant. The motion was heard on December 5, 2003. On that same date, Mr. Leger amended his suit for damages to add Rapides Healthcare System, L.L.C. (Rapides Healthcare), d/b/a Savoy Medical Center as a defendant. By judgment dated December 18, 2003, the trial court granted the Motion for Summary Judgment and dismissed Savoy Memorial Foundation, Inc. from the suit.

On December 22, 2003, Rapides Healthcare filed an Answer to Plaintiff's Original and Amended Suit for Damages and Exception of Prescription. In its Answer, the defendant asserts that the plaintiff's cause of action is prescribed in accordance with La.Code Civ.P. art. 927 because it was filed more than one year after the accident. On January 15, 2004, the defendant's Exception of Prescription was heard. On February 27, 2004, the trial court issued written Reasons for Judgment, denying the Exception of Prescription. A formal judgment was rendered on March 5, 2004.

It is from this judgment that the defendant appeals.

2

## ASSIGNMENTS OF ERROR

The defendant fails to assign errors, but sets forth the following issues on appeal:

1. Whether filing an Amending Petition against a wholly new Defendant relates back to the original Petition such as to interrupt prescription.

2. Whether the doctrine of contra non valentum is applicable.

## DISCUSSION

*Amendment of the Petition*

The defendant argues that the trial court erred in denying its exception of prescription on the ground that the amendment related back to the original petition and, therefore, was not prescribed.

Louisiana Code of Civil Procedure Article 1153 provides as follows:

When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.

Pursuant to this article, as long as a comparison of the amended petition to the original petition shows that the original petition gave fair notice of the factual situation out of which the amended petition arises, the amended petition will relate back to the date of the filing of the original petition and prescription, with regard to the amendment, is interrupted as of the filing date of the original petition. *Reese v. State Dept. of Public Safety and Corrections*, 03-1615 (La. 2/20/04), 866 So.2d 244 (citing *Giroir v. S. La. Med. Ctr., Div. of Hosp.*, 475 So.2d 1040 (La.1985)). Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and supplemental party, amendment should be allowed and excepted from the interests intended to be

3

protected by the prescriptive statutes. *Baker v. Payne & Keller of La., Inc.*, 390 So.2d 1272 (La.1980); Tate, J., *Amendment of Pleadings in Louisiana*, 43 Tul. L. Rev. 211, 234 (1969). The essence of interruption of prescription is notice. *Gunter v. Plauche*, 439 So.2d 437 (La.1983).

In *Ray v. Alexandria Mall, Through St. Paul Property & Liability Ins.*, 434 So.2d 1083, 1087 (La.1983), the Louisiana Supreme Court established the criteria for determining when an amendment to add or substitute a party relates back to the original petition to defeat prescription. In that slip and fall case, the plaintiff mistakenly sued "Alexandria Mall" rather than "Alexandria Mall Company", a partnership which actually owned the premises on which the plaintiff fell. Plaintiffs sought to amend the petition to name the correct party after the prescriptive period for bringing the action expired. The trial judge sustained an exception of prescription brought by the defendant and the court of appeal affirmed. The Supreme Court reversed.

Under *Ray*, an amendment to the petition must meet the following criteria to relate back to the original petition:

(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;

(2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;

(3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;

(4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

*Id.* at 1087.

4

The defendant argues that Plaintiff's suit against Rapides Healthcare is prescribed because it was not filed timely, and the defendant named in the original suit, Savoy Memorial Foundation, Inc., was ultimately found not liable pursuant to a motion for summary judgment.

Upon reviewing the record in this matter, we find that the plaintiff originally filed suit on August 13, 2003, one year from the date of the accident. Plaintiff initially named Savoy Memorial Foundation, Inc., d/b/a New Horizons as the defendant in this matter. Plaintiff named J. Jake Fontenot as Savoy's agent for service of process. Mr. Fontenot's office is located in Mamou, Louisiana. On October 14, 2003, the defendant filed a motion for summary judgment and attached an affidavit signed by Mr. Fontenot which stated the following:

4.  Since February 1, 1995, either Notami Hospitals of Louisiana, Inc. and/or Rapides Healthcare Systems, L.L.C. operated the hospital and its associated facilities and continued to use the trade name "Savoy Medical Center," since February 1, 1995.

5.  The fact that Savoy Memorial Foundation, Inc.'s former corporate name was Savoy Medical Center, <u>Inc.</u> has lead to confusion because operators of the hospital, (and its associated units, such as New Horizons) have continued to use the trade name "Savoy Medical Center" after February 1, 1995. *This results in Savoy Memorial Foundation, Inc. formerly Savoy Medical Center, <u>Inc.</u> being misidentified as the current hospital owner or operator.*

(emphasis added)

On the date that the Motion for Summary Judgment was heard, the plaintiff filed an amended petition naming Rapides Healthcare System L.L.C., d/b/a Savoy Medical Center as a defendant. Its agent for service was A.C. Buchanon whose office is located in Alexandria, Louisiana. In support of its Exception of Prescription, the chief executive officer of Rapides executed an affidavit wherein he stated:

2.  RAPIDES HEALTHCARE SYSTEM, L.L.C. d/b/a SAVOY MEDICAL CENTER is the operator of the entity known as New

5

Horizons

3.  RAPIDES . . . has no connection with Savoy Memorial Foundation, Inc., does not do business with Savoy Memorial Foundation, Inc., and that RAPIDES is a totally separate and distinct corporation from Savoy Memorial Foundation, Inc., and . . . RAPIDES has no ownership interest in Savoy Memorial . . . nor does Savoy Memorial . . . have any ownership interest in RAPIDES.

The trial court issued written reasons for judgment in this matter wherein it stated the following:

> Applying the *Ray* Standards to the instant case, there is little doubt that Dismissal of this suit would not be in the best interest of justice. The plaintiff's amended claim clearly arose out of the same transaction of [sic] occurrence as his original petition. The amended petition merely sought to name, in response to the Motion of Summary Judgment, the party who actually owned and operated New Horizons. Furthermore, there is no doubt in the Court's mind that the purported substitute defendant named in the amended petition clearly knew of should have known that the action was pending. And there is also no doubt in the Court's mind the purported substitute defendant is not a wholly new or unrelated defendant.

> Under these circumstances, given the extensive knowledge of the defendants as to the plaintiff's claim, the defendant will in no way be prejudiced in the defense of the plaintiff's suit.

> Accordingly, defendants Exception of Prescription is <u>Denied</u>.

We agree. The amended claim arose out of the same incident that was set forth in the original suit. We believe that Rapides received notice of the institution of the action such that it will not be prejudiced in defending itself. The facts in the record clearly show that the information that the Secretary of State had on file was incorrect. In addition, the chief executive officer of Savoy Memorial, Mr. Fontenot signed an affidavit stating that the different name changes to the hospital "*results in Savoy Memorial Foundation, Inc. formerly Savoy Medical Center, <u>Inc</u>. being misidentified as the current hospital owner or operator.*" (emphasis added). Therefore, we believe

6

that Rapides knew or should have known that, but for a mistake concerning the identity of the proper party defendant, the action would have been brought against it. Finally, we note that in the original suit, the plaintiff names Savoy Memorial Foundation, Inc., d/b/a New Horizons, and in the amended suit, he names Rapides Healthcare System L.L.C., d/b/a Savoy Medical Center as the defendant. Because Rapides is the operator of Savoy Medical Center and the record clearly reflects that Savoy Memorial Foundation has been mistakenly misidentified as the hospital owner or operator, we therefore find an "identity of interests" between the two such that Rapides is not an unrelated defendant. Additionally, the letter forwarded by Mr. Turpen informing the plaintiff that he was the authorized claims agent for Savoy Medical Center leads us to believe that, since Rapides is the operator of the Medical Center, it was aware of this litigation when its claims agent initiated his investigation of Plaintiff's claim.

We find that the criteria under *Ray* has been met. The trial court did not err in denying the defendant's Exception of Prescription on the ground that the amendment related back to the original petition and, therefore, was not prescribed.

This assignment of error is without merit.

*Doctrine of Contra Non Valentum*

The defendant submits that the applicability of the doctrine of contra non valentum is at issue. The plaintiff, however, does not argue this issue on appeal, and we find this issue to be moot because we agree with the trial court's decision to deny the defendant's exception of prescription.

## **DECREE**

The judgment of the trial court denying the defendant-appellant's Exception of Prescription is affirmed.  Costs of this appeal are assessed to the appellant.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rules 2-16.2 and 2-16.3, Uniform Rules, Court of Appeal.