LOLLEY, J.
| plaintiffs, Juanita and Matthew Green, appeal a judgment from the Twenty-Sixth Judicial District Court, Parish of Webster, State of Louisiana, which granted defendants’ motion for summary judgment in a legal malpractice suit. For the following reasons, we affirm.
FACTS
On December 31,1999, while on her way to church service, Juanita Green tripped and fell in a pothole located in a parking lot next to the church. On May 22, 2000, the Greens retained the firm of Rice and Kendig as counsel for damages sustained from the trip and fall incident. On November 8, 2000, Rice and Kendig filed suit naming various defendants on behalf of the Greens. In April 2001 Rice and Kendig were discharged as counsel. The Greens subsequently retained other counsel in June 2002. In September 2002 one of the defendants, namely the church, filed a motion for summary judgment on the grounds that the pothole in question was located in a public alleyway owned by the City of Minden. The motion was granted in November 2002. The other defendants also filed motions for summary judgment alleging the same reasons as the church and all were dismissed in December 2005. The Greens did not appeal any of the summary judgments in the underlying case.
On November 7, 2003, the Greens filed suit against Carl Rice and Bill Kendig for failing to timely sue whom they believed was the correct defendant, the City of Minden, and the damages associated with the underlying case. Specifically, the Greens alleged legal negligence, legal malpractice, civil fraud, breach of contract, and breach of warranty for a |2specific result. Rice and Kendig filed a motion for summary judgment on the grounds that (1) the plaintiffs had lost no opportunities, because they could have timely amended their petition to add a claim against the city as a joint tortfeasor; and, in the alternative (2) the plaintiffs had no viable claim against the City of Minden. On January 24, 2006, the trial court granted the motion for summary judgment in favor of Rice and Kendig finding that the Greens could have timely amended their petition to include the City of Minden as a joint tortfea-sor. This appeal ensued.
LAW AND DISCUSSION
To establish a prima facie case in a legal malpractice claim, the plaintiff must prove that negligence on the part of his - former attorney caused the loss of opportunity resulting in the inference of causation and damages from that lost op *378 portunity. However, once negligence has been proven, the former attorney can overcome the prima facie case if he can prove that the former client could not have succeeded on the original claim. Jenkins v. St. Paul Fire & Marine Insurance Co., 422 So.2d 1109 (La.1982).
A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Appellate review of the grant of summary judgment is de novo. Jones v. Estate of Santiago, 2003-1424 (La.04/14/04), 870 So.2d 1002.
According to Jenkins, supra, the Greens have the burden of establishing that Rice and Kendig caused them to lose an opportunity to ^assert a claim against the City of Minden. After our de novo review of the record, we find that the Greens failed to establish a prima facie case. Here, the original defendants’ assertion that the pothole was located in a “public alleyway,” thereby implicating the City of Minden, did not occur until after Rice and Kendig withdrew as counsel. There was an ample amount of time for the Greens through their new counsel to amend their original petition to include the City of Minden as a joint tortfeasor before the case had come to a final judgment. See Baker v. Payne and Keller of Louisiana, Inc., 390 So.2d 1272 (La.1980). In short, La. C.C. art. 2324(C) clearly states that interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.
The Greens assert that the other defendants named in the original lawsuit cannot be characterized as joint tortfeasors in light of the defendants’ dismissals on summary judgment. The Greens solely rely on hindsight to make this determination. We note that there was no opposition to the remaining defendants’ motions for summary judgment. Therefore, we cannot conclude that the defendants’ dismissals were based on the merits of their claim. We find the Greens’ argument unpersuasive.
The Greens failed to show that but for Rice and Kendig’s actions they would have had an opportunity to recover. As pointed out previously, the church filed a motion for summary judgment implicating the city over a year after the Greens discharged Rice and Kendig. The Greens had three months from the time they retained new counsel and over two years before the remaining defendants were dismissed to include the City of Minden. We Lcannot find that Rice and Kendig were the reason for the Greens’ lost opportunity to recover from a potential defendant.
We pretermit our discussion on whether the Greens could have succeeded on the original claim as the burden never successfully shifted to Rice and Kendig.
CONCLUSION
For the foregoing reasons, we affirm the motion for summary judgment in favor of Carl Rice and Bill Kendig. Costs of this appeal are assessed against Matthew and Juanita Green.
AFFIRMED.