PETTIGREW, J.,
concurs in part, dissents in part, and assigns reasons.
IH agree with the majority and the trial court in finding that the October 15, 2009 complaint filed with the PCF was without legal effect and did not serve to interrupt or suspend prescription. However, I disagree with the majority in affirming the trial court’s judgment for the following reasons.
On the trial of the prescription exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La.Code Civ. P. art. 931. A trial court’s findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review. Marin v. Exxon Mobil Corp., 2009-2368, p. 11 (La.10/19/10), 48 So.3d 234, 244-245; Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993). If the findings *839 are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Stobart, 617 So.2d at 882-88B.
In Campo v. Correa, 2001-2707 (La.6/21/02), 828 So.2d at 509, the supreme court reasoned that a medical malpractice petition should not be found prescribed on its face if brought within one year of the date of discovery and facts alleged with particularity in the petition show that the plaintiff was unaware of the malpractice prior to the alleged date of discovery, and the delay in filing suit was not due to willful, negligent, or unreasonable action of the plaintiff. Campo, 2001-2707 at 9, 828 So.2d at 509. Thus, the Campo court found, although the plaintiffs’ petition was filed more than one year after the alleged malpractice, the plaintiffs’ pleadings made a prima facie showing that it was filed “within one year from the date of discovery” and “within a |{¡period of three years from the date of the alleged act, omission or neglect.” Campo, 2001-2707 at 9-10, 828 So.2d at 509.
With regard to the reasonableness of the date of discovery, the supreme court in Campo noted as follows:
Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription. Nevertheless, a plaintiff’s mere apprehension that something may be wrong is insufficient to commence the running of prescription unless the plaintiff knew or should have known through the exercise of reasonable diligence that his problem may have been caused by acts of malpractice. Even if a malpractice victim is aware that an undesirable condition has developed after the medical treatment, prescription will not run as long as it was reasonable for the plaintiff not to recognize that the condition might be treatment related. The ultimate issue is the reasonableness of the patient’s action or inaction, in light of his education, intelligence, the severity of the symptoms, and the nature of the defendant’s conduct. [Citations omitted.]
Campo, 2001-2707 at 11-12, 828 So.2d at 510-511.
On appeal, Ms. DeBram argues that the trial court erred in shifting the burden to her because the January 29, 2010 complaint was timely on its face. She directs this court’s attention to her September 7, 2010 supplemental and amending complaint, which she alleges relates back to the original complaint and encompasses continuing acts of malpractice committed by the defendants ending on October 20, 2009, when the final act of malpractice occurred. I agree with Ms. DeBram that the September 7, 2010 complaint relates back to the date of the filing of the original complaint.
Pursuant to La.Code Civ. P. art. 1153, “[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment re *840 lates back to the date of filing the original pleading.” It is well established in Louisiana jurisprudence that “[Article] 1153 permits amendment despite technical prescriptive bars where the original pleading gives fair notice of the general fact situation out of |swhich the amended claim arises.” Gunter v. Plauche, 439 So.2d 437, 440 (La.1983); Baker v. Payne and Keller of Louisiana, Inc., 390 So.2d 1272, 1275 (La.1980). “Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and the supplemental party, amendment should be allowed.” Gunter, 439 So.2d at 440; Baker, 390 So.2d at 1275.
Courts have allowed amendments to relate back even when the supplemental petition contains a new cause of action. In Gunter, the supreme court held that where the amendment was between the same parties, but stated a different cause of action from the one asserted in the original petition, Article 1153 permitted the amendment to relate back, because the original pleading gave fair notice of the general fact situation from which the amended claim arose. Gunter, 439 So.2d at 440-441. The court noted: “The essence of interruption of prescription by suit is notice. Here, defendant had actual notice that judicial relief was being sought arising from that general factual situation of defendant’s ... conduct, and he thus was put on notice that his evidence concerning it should be collected and preserved.” Gunter, 439 So.2d at 441.
What we have before us in the instant case is a situation where the same parties were named in both the original complaint, filed January 29, 2010, and the supplemental and amending complaint, filed September 7, 2010. In the original complaint, the parties were put on notice of Ms. De-Bram’s allegations concerning the care she received during her initial stay at St. Tammany Parish Hospital. While the amended complaint does contain new allegations of malpractice beyond Ms. DeBram’s initial admission to St. Tammany Parish Hospital in November 2008, under the facts and circumstances herein, there is identity of interest between the parties and there is sufficient factual connexity between the original and amended complaint to give defendants notice of plaintiffs amended claim. I would therefore hold that the September 7, 2010 supplemental and amending complaint relates back to the date of filing of the original complaint.
|4In rendering its ruling on the issue of prescription, the trial court stated, “IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff did not prove any other lawful basis which would serve to interrupt prescription or to otherwise make the Complaint filed January 29, 2010 timely.” (Emphasis added.) Based on the supreme court’s holding in Campo, and a thorough review of the record before us, I find that the trial court erred as a matter of law when it implicitly found that Ms. DeBram’s January 29, 2010 complaint was prescribed on its face and shifted the burden of proof to Ms. DeBram on the prescription exception.
Although Ms. DeBram’s January 29, 2010 complaint was filed more than one year after the date of the last act upon which negligence was alleged, a review of Ms. DeBram’s supplemental and amending complaint dated September 7, 2010 (a pleading that was not considered by the trial court as is evidenced by the transcript of the hearing on the prescription exception), along with the original complaint, makes a prima facie showing that it was filed “within one year from the date of discovery” and “within a period of three years from the date of the alleged act, omission or neglect.” A review of the *841 record reveals that Ms. DeBram’s original January 29, 2010 complaint against Dr. Keshelava and St. Tammany Parish Hospital alleged various acts of malpractice occurring from November 21, 2008 through December 2, 2008. Ms. DeBram’s amended complaint, filed on September 7, 2010, again named Dr. Keshelava and St. Tammany Parish Hospital, but extended the dates of the alleged malpractice through October 20, 2009, when she was discharged after her last visit to St. Tammany Parish Hospital. The amended complaint goes on to detail her final hospitalization at Ochs-ner Hospital on October 29, 2009, when she was finally diagnosed as suffering from sepsis. Ms. DeBram alleges in this amended complaint that had defendants’ “treatment not fallen below the applicable standard of care, [her] condition would have been diagnosed and [she would have been] treated for sepsis in a timely fashion. [Her] health would not have continued to deteriorate, and [she] would not have endured needless pain and suffering.”
lfiIt is clear from a review of the transcript of the hearing on the prescription exception that the trial court did not consider Ms. DeBram’s supplemental and amending complaint in its ruling on the issue of prescription. After the trial court granted Dr. Keshelava’s exception raising the objection of prescription, the following colloquy occurred concerning the supplemental and amending complaint:
[COUNSEL FOR MS. DEBRAM]:
Your Honor, what about the recent— this doesn’t address the September 2010 filing, correct? Because we have amended our PCF complaint to include allegations that run from, that run against the hospital from all the way from November—
THE COURT:
Well, the hospital is not here today.
[COUNSEL FOR MS. DEBRAM]:
Right. But interruption against the hospital interrupts against. Dr. Keshela-va as well. If you are finding that the January 2010 filing against Dr. Keshela-va was prescribed, I understand. But the September 2010 has not been addressed. Dr. Keshelava is still in, because we have interrupted properly against St. Tammany Hospital, therefore, under joint and several, we have interrupted against Dr. Keshelava.
THE COURT:
Response to that.
[COUNSEL FOR DR. KESHELAVA]:
Judge, the amendment he is talking about was filed in September of this year.
[COUNSEL FOR MS. DEBRAM]:
Nods head affirmatively.
[COUNSEL FOR DR. KESHELAVA]:
Just the other day. This case prescribed a year ago.
THE COURT:
I am going to grant the—
[COUNSEL FOR MS. DEBRAM]:
The only evidence in the record— THE COURT:
I am going to grant the prescription. [COUNSEL FOR MS. DEBRAM]:
—of discovery is the October of 2009 date.
[COUNSEL FOR DR. KESHELAVA]:
Thank you, Judge. I will prepare a judgment and submit it to opposing counsel pursuant to the local rule.
| (¡Whether we interpret this as a factual determination that Ms. DeBram’s complaint had prescribed “a year ago” as argued by opposing counsel or as a conclusion that Ms. DeBram had not met her burden of proof on the prescription exception is of no moment. The fact remains that the trial court erred as a matter of *842 law by not considering the September 7, 2010 filing that was in the record at the time of the hearing on the exception. This error, coupled with the legal error by the trial court in applying the wrong burden of proof, interdicted the fact-finding process by the trial court in this matter, warranting a reversal of the trial court’s ruling on the prescription issue.

De Novo Review

Where one or more legal errors by the trial court interdict the fact-finding process, the manifest-error standard is no longer applicable, and, if the record is otherwise complete, the reviewing court should make its own independent de novo review and assessment of the record. Campo, 2001-0707 at 10, 828 So.2d at 510; Evans v. Lungrin, 97-0541, p. 6 (La.2/6/98), 708 So.2d 731, 735. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. Chauvin v. Chauvin, 2010-1055, p. 4 (La.App. 1 Cir. 10/29/10), 49 So.3d 565, 569. Applying the wrong burden of proof, as the trial court did in the instant case, is not only an incorrect application of the law, it is inherently prejudicial because it casts a more onerous standard than the law requires on one of the parties. See, Leger v. Leger, 2003-419, p. 2 (La.App. 3 Cir. 7/2/03), 854 So.2d 955, 957.
While I recognize that as an appellate court, we are empowered under such circumstances to conduct a de novo review, we find that given the record before us, we are unable to do so. The evidence in the record concerning the date of discovery is simply insufficient for us to make a ruling on prescription. Accordingly, I would remand this matter to the trial court for a full evidentiary hearing on the issue of prescription.
17For the above and foregoing reasons, I would affirm that portion of the trial court’s September 8, 2011 judgment that found the October 15, 2009 complaint filed with the PCF to be in contravention of La. R.S. 40:1299.47, without legal effect, and not a basis for interruption of prescription. In all other respects, I would reverse the trial court’s September 8, 2011 judgment and remand this matter for further proceedings consistent with this opinion.