# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-896

**HAROLD FILS**

**VERSUS**

**STARR INDEMNITY & LIABILITY COMPANY, ET AL**

**\*\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20154212
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\*\***
## SYLVIA R. COOKS
### JUDGE
**\*\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and D. Kent Savoie, Judges.

**AFFIRMED.**

**Bart Bernard**
**1031 Camellia Boulevard**
**Lafayette, LA 71360**
**(337) 989-2278**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Harold Fils**

**D. Scott Rainwater**
**Rachel Kovach**
**Taylor, Wellons, Politz & Duhe, APLC**
**8550 United Plaza Boulevard, Suite 101**
**Baton Rouge, LA 70809**
**(225) 387-9888**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Starr Indemnity & Liability Insurance Company**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On August 28, 2013, Plaintiff, Harold Fils, was operating a vehicle owned by his employer, Bilfinger Salamis, Inc., when he was struck by a vehicle driven by an uninsured motorist (UM). Bilfinger's UM insurer was Starr Indemnity & Liability Insurance Company. Plaintiff submitted a claim to Starr for compensation of his personal injuries and other damages.

Starr evaluated the claim, and in 2014 tendered two separate UM payments to Plaintiff totaling $45,000.00. Following these two payments, citing what it believed to be legitimate defenses regarding Plaintiff's pre-existing injuries and medical history, Starr refused to make any additional payments.

Plaintiff, claiming injuries and personal damages as a result of the accident, filed suit on August 27, 2015, against Starr seeking additional UM benefits. Plaintiff alleged his medical expenses alone exceeded the $45,000.00 amount tendered to him by Starr. Believing that Starr was acting in bad faith, Plaintiff supplemented his petition on January 26, 2017. He sought penalties and attorney fees under La.R.S. 22:1973 and La.R.S. 22:1892 for Starr's alleged bad faith refusal to pay his UM claim. Plaintiff's original petition had not included any allegations of bad faith on the part of Starr.

In response to Plaintiff's supplemental and amended petition, Starr filed a peremptory exception of prescription. Starr maintained the bad faith claim was barred by the prescriptive period of one year from the time suit was filed seeking damages under the UM policy provisions.

A hearing on the exception of prescription was heard on March 27, 2017. After considering the parties pre-trial briefs and listening to oral argument, the trial court requested further briefing. On April 20, 2017, the trial court ruled in favor of Starr and maintained its exception of prescription as to the bad faith claims

asserted in Plaintiff's First Supplemental and Amending Petition. The bad faith claims were dismissed with prejudice and the court designated that ruling as a final, appealable judgment.

Plaintiff appealed the trial court's judgment maintaining Starr's exception of prescription, asserting the following assignments of error:

1. The trial court erred in finding that a claim for bad faith damages arising out of the same transaction or occurrence as asserted in the original petition, and against the same defendant, did not relate back to the date of the original petition.

2. The trial court erred in finding that a claim for bad faith damages under an uninsured motorist policy is subject to a one-year statute of limitations.

3. The trial court erred in finding that prescription began to run upon the filing of the original petition.

## ANALYSIS

### I. *Does the Amending Petition Relate Back?*

In his first assignment of error, Plaintiff contends the bad faith claims in his amended petition "relate back" to the filing of his original petition. Generally, the burden of proof rests with the party pleading prescription. *Allain v. Tripple B Holding, LLC*, 13-673 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278. However, if the claim is prescribed on its face, the burden then shifts to the plaintiff to negate the presumption by establishing a suspension or interruption of the prescriptive period. *Id.* Louisiana Code of Civil Procedure Article 1153, which provides for an amending petition to relate back to an original petition in certain circumstances, can serve as an interruption of prescription.

Article 1153 provides "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." "It is well established that Louisiana Code of

Civil Procedure Article 1153 permits amendment despite technical prescriptive bars where the original pleading gives fair notice of the general fact situation out of which the amended claim or defense arises." *Baker v. Payne and Keller of Louisiana, Inc.*, 390 So.2d 1272, 1275 (La.1980).

"In interpreting Article 1153, Louisiana courts have taken a case by case approach focusing on fair notice." *Oliver v. Orleans Parish School Bd.*, 12-1520, p. 28 (La.App. 4 Cir. 1/15/14), 133 So.3d 38, 58, *reversed on other grounds*, 14-329, 14-330 (La. 10/31/14), 156 So.3d 596 (citing *Gunter v. Plauche*, 439 So.2d 437 (La.1983)). The jurisprudence has consistently found that when an amended petition simply adds a new claim based on the *same factual situation as the claim set forth in the original petition*, and both claims are made against the same defendant, the filing of the amendment relates back to the date of the filing of the original petition. See *Giron v. Hous. Auth. of Opelousas*, 393 So.2d 1267 (La.1981); *Gunter*, 439 So.2d 437; *Merrit v. Admin. of Tulane Educ. Fund*, 94-816 (La.App. 4 Cir. 7/8/94), 639 So.2d 881. The appellate court in *Miller v. New Orleans Home and Rehabilitation Center*, 449 So.2d 133 (La.App. 4 Cir. 1984) also allowed an amended petition setting forth a different legal theory of recovery against an existing defendant to relate back, because that amended pleading did not add any new factual allegations that had not already been called to the defendant's attention.

In the instant case, Plaintiff did not allege any facts in his original petition alleging acts of bad faith on Starr's part. Unlike the *Miller* case, the amended pleading added new factual allegations of bad faith that were not previously called to Starr's attention. As Starr argued to the trial court, the amending petition elaborated on the factual setting set forth in the original petition. In situations such as that, the jurisprudence has not allowed the amending petition to relate back to the original petition and interrupt the running of prescription

4

In *Gunter*, 439 So.2d 437, the issue was whether an amended petition that asserted, for the first time, the issue of the dangers of a lack of informed consent, related back to the original petition alleging surgical malpractice. The Louisiana Supreme Court discussed what Article 1153 requires, explaining as follows:

> Article 1153 requires only that the amending petition's thrust factually relate to the conduct, transaction or occurrence originally alleged. While the original petition did not mention lack of informed consent, the factual events during June 1976 of the consultations and defendant's advising plaintiff that surgery was necessary were explicitly set forth. The essence of interruption of prescription by suit is notice. Here, defendant had actual notice that judicial relief was being sought arising from that general factual situation of defendant's June 1977 conduct, and he thus was put on notice that his evidence concerning it should be collected and preserved. Both causes of action arose out of the conduct, transaction, or occurrence set forth in the original petition. Plaintiff will not be held to a burden of separating out in his initial pleading the defendant's actions during that month's medical service merely because two theories of recovery are possible out of that factual setting. **The amending petition did not elaborate at all on the factual setting**, and no challenge to its sufficiency was made; the factual allegations made originally met the notice requirement to defendant under art. 1153. The transaction or occurrence giving rise to the demand or object of the suit remained unchanged by the amendment, and, even if the state of facts which constitute the defendant's wrong differ [sic] enough so that two causes of action exist, the facts of the transaction which created both duties is [sic] similar enough to support a relation back of the amending petition under art. 1153.

*Id*. at 440-41 (citations omitted) (emphasis added). In *Gunter*, the supreme court allowed the amending petition to relate back because it found "it did not elaborate at all on the factual setting," and thus the factual allegations made originally met the notice requirement to defendant under Article 1153. *Id*. at 441. That is not the situation in the instant case.

In a similar situation, the appellate court in *Roba, Inc v. Courtney*, 09-508 (La.App. 1 Cir. 8/10/10), 47 So.3d 500, held that the plaintiff's claim for bad faith damages and attorney fees, first set forth in an amended petition, did not relate

back to the filing of the original petition. The court in *Roba* noted "the absence of any allegation in the [original] petition that the [defendants] intentionally and maliciously failed to perform their obligation." *Id.* at 508. The *Roba* court determined, in the absence of allegations in the original petition asserting acts of bad faith on the part of the defendants, it was "unable to find that the allegations of the [original] petition were sufficient to notify" the defendants of the plaintiff's possible claim for bad faith damages. *Id.* at 508. Thus, the *Roba* court reasoned the amended petition could not relate back to the original pleading.

We cannot say the trial court erred in finding the amending petition elaborated on the factual setting, because Plaintiff did not allege in his original petition any facts which would constitute acts of bad faith on Starr's part. Thus, under Louisiana law the amending petition cannot relate back to the original petition.

As Starr notes, many of the cases cited by Plaintiff involved adding new parties in the amending petition, which is not applicable to this matter, as the parties were the same in both the original and amending petition. Other cases cited by Plaintiff do not address the legal issue of prescription of a bad faith claim. In *Guillory v. Lee*, 09-75 (La. 6/26/09), 16 So.3d 1104, and *Krygier v. Vidrine*, 10-1271 (La.App. 1 Cir. 9/10/10) (unpublished opinion), an exception of prescription was never filed or considered.

For the reasons set forth above, we find the trial court did not err in finding the amending petition did not relate back to the original petition so as to serve as an interruption of prescription.

## II. *Applicable Prescriptive Period.*

In his second assignment of error, Plaintiff asserts the trial court erred in finding his bad faith claims for penalties and attorney fees were subject to a one-year prescriptive period.

6

There are two statutes available to an insured to file suit against an insurer for bad faith damages; La.R.S. 22:1892 (penalties) and La.R.S. 22:1973 (attorney fees). Contrary to Plaintiff's arguments, these duties owed by the insurer are established by statute and are not rights derived by contract. As Starr notes, a third-party claimant can assert a bad faith claim against an insurer, even though no contract exists between the claimant and the insurer. Thus, a contract is not necessary to bring a bad faith claim against an insurer under Louisiana's penalty statutes. Accordingly, we find no merit in Plaintiff's argument that a ten-year prescriptive period is applicable here.

In *Zidan v. USAA Property and Casualty Insurance Co.*, 622 So.2d 265 (La.App. 1 Cir.), *writ denied*, 629 So.2d 1138 (La.1993), the appellate court applied the one-year liberative prescription period found in La.Civ.Code art. 3492 to an insured's action brought pursuant to La.R.S. 22:1220 (now La.R.S. 22:1973). More recently, the court in *Labarre v. Texas Brine Company, LLC*, 16-265 (La.App. 1 Cir. 12/2/16) (an unpublished writ decision), granted writs and reversed the lower court's finding that "a ten-year prescriptive period was available" on the "claims of the breach of the insurer's duty of good faith and fair dealing." The court specifically held bad faith claims were subject to a one-year prescriptive period. In that case, the plaintiff filed a claim against its insurer via a third-party demand, then added bad faith claims through an amending third-party demand. The Louisiana Supreme Court subsequently denied writs on the case. *Labarre v. Texas Brine Company, LLC*, 17-1761 (La. 12/5/17), 231 So.3d 631.

In support of his position that a one-year prescriptive period does not apply in this case, Plaintiff cited the United States Western District Court case of *Aspen Specialty Ins. Co. v. Technical Indus., Inc.*, 2015 WL 339598 (W.D. La. 1/22/15), wherein the court held that a ten-year prescriptive period applied to bad faith claims. The opinion in *Aspen* is contrary to several federal cases, which found

claims under La.R.S. 22:1973 are delictual in nature and subject to a liberative prescription of one year. See *Ross v. Hanover Ins. Co.*, 09-3501, 2009 WL 2762713 (E.D. La. 2009); *Brown v. Protective Life Ins. Co.*, 353 F.Supp.2d 739 (E.D. La. 2004). As Starr notes, neither the Louisiana Supreme Court nor this court have adopted the ruling in *Aspen*. Further, the Louisiana Supreme Court denied writs on the *Labarre* case, which applied a one-year prescriptive period to bad faith claims. Therefore, we find the trial court did not err in finding a one-year prescriptive period applied to Plaintiff's bad faith claims against Starr.

### III.    *When did the Prescriptive Period Begin to Run?*

In his final assignment of error, Plaintiff contends prescription did not begin to run upon the filing of the original petition. Plaintiff now argues Starr was not in bad faith in 2014 or when suit was originally filed in August of 2015; but the acts of bad faith did not occur until 2016. However, the record does not support this argument.

The facts reveal Plaintiff was aware of the UM payments, in the amount of $45,000.00, made to him in 2014, despite the fact that Plaintiff maintained his injuries suffered from the accident (which Starr has always denied) required sugery and medical expenses well in excess of $45,000.00. Plaintiff has acknowledged he was forced to bring his suit in August of 2015, because his "medical expenses alone exceeded the tenders made by Starr."

Prescription begins when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is a victim of a tort. *Campo v. Correa*, 01-2707 (La. 6/21/02), 828 So.2d 502. The supreme court in *Campo* explained what constitutes constructive knowledge as follows:

> Constructive knowledge is whatever is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as

8

ought to reasonably put the alleged victim on inquiry is sufficient to start the running of prescription.

*Id.* at 510-11.

Plaintiff now claims Starr did not commit any bad faith acts until 2016 in an effort to delay the prescriptive period from running. However, as Starr notes the decision to dispute medical causation and cease unconditional payments has remained the same since Plaintiff filed suit in August 2015. By that time (and actually earlier in 2014), Starr had already disputed the full nature and extent of Plaintiff's alleged damages and refused to make additional payments based on the medical causation defense. The trial court stated in its reasons for judgment:

> At some point after September 15, 2014, Starr denied any further liability to Plaintiff, as evidenced by its ceasing of payments. That denial, at the latest, was known to Plaintiff on August 26, 2015 when Plaintiff was required to file suit against Starr. The original suit was timely filed less than a year after the last *McDill* tender. Therefore, when the original suit was filed, the one-year prescription on the bad faith tort claim had not run. However, as of August 27, 2016, more than a year after Plaintiff was required to file suit, and with no additional payments having been made, the bad faith tort claim prescribed.

We find no merit in Plaintiff's contention that the prescriptive period on the bad faith claims did not begin running on the date of the filing of the original petition.

## DECREE

For the foregoing reasons, the judgment of the lower court granting the exception of prescription is affirmed. Costs of this appeal are assessed to Plaintiff-Appellant, Harold Fils.

**AFFIRMED.**

9